1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WESLEY ELVIS PEDEN,                         No.  2:14-cv-0061-KJN

12                     Plaintiff,

13          v.                                   ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15

16                     Defendant.

17

18          Plaintiff has requested leave to proceed without the prepayment of fees and costs, also

19   referred to as in forma pauperis, pursuant to 28 U.S.C. § 1915.[1]  Plaintiff has submitted the

20   required affidavit, which demonstrates that plaintiff is unable to prepay fees and costs or give

21   security for them.  Accordingly, the request to proceed in forma pauperis is granted.  See 28

22   U.S.C. § 1915(a).[2]

23   _____

24   [1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).

25   [2] In light of plaintiff's *pro se* status, the court liberally construes plaintiff's complaint as seeking
     judicial review of an administrative denial of benefits by the Commissioner of Social Security.  In
26   such an action, the Commissioner is the proper defendant, and the court will thus direct service of
     the complaint upon the Commissioner.  Plaintiff has also named James C. Borland (Assistant
27   Deputy Commissioner) and Megan Brock (Appeals Officer) as defendants, but these are
     superfluous parties that need not be served in addition to the Commissioner.  As such, the court
28   declines to direct service on these individuals.  Plaintiff's complaint also requests that certain

                                                    1

1    For the foregoing reasons, IT IS HEREBY ORDERED that:

2        1.    Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

3        2.    Service of process is appropriate for the <u>Commissioner of Social Security</u>.

4        3.    The Clerk of the Court is directed to serve the undersigned's scheduling order in

5    Social Security cases.

6        4.    The Clerk of the Court is further directed to serve a copy of this order on the

7    United States Marshal.

8        5.    Within fourteen (14) days from the date of this order, plaintiff shall submit to the

9    United States Marshal an original and five copies of the completed summons, five copies of the

10   complaint, five copies of the scheduling order, and a completed USM-285 form, *and shall file a*

11   *statement with the court that such documents have been submitted to the United States Marshal.*

12       6.    The United States Marshal is directed to serve all process without prepayment of

13   costs not later than sixty (60) days from the date of this order.  Service of process shall be

14   completed by delivering a copy of the summons, complaint, and scheduling order to the United

15   States Attorney for the Eastern District of California, and by sending two copies of the summons,

16   complaint, and scheduling order by registered or certified mail to the Attorney General of the

17   United States at Washington, D.C.  <u>See</u> Fed. R. Civ. P. 4(i)(1)(A) & (B).  The Marshal shall also

18   send a copy of the summons, complaint, and scheduling order by registered or certified mail to

19   the Commissioner of Social Security, c/o Office of General Counsel, Region IX, 160 Spear

20   Street, Suite 800, San Francisco, CA, 94105-1545.  <u>See</u> Fed. R. Civ. P. 4(i)(2).  *The United States*

21   *Marshal shall thereafter file a statement with the court that such documents have been served.*

22       7.    The parties are advised of Local Rule 110, which provides: "Failure of counsel or

23   of a party to comply with [the court's Local] Rules or with any order of the Court may be grounds

24   ////

25   _____

26   individuals involved with plaintiff's benefits claim be investigated and prosecuted for various
     crimes.  (ECF No. 1 at 9.)  The court expresses no opinion regarding the merits of such claims,

27   but merely notes that, as a separate, independent branch of the government, the court has no
     authority to refer a particular matter for investigation and prosecution, which can only be initiated

28   by the appropriate authorities in the executive branch of the government.

1    for imposition by the Court of any and all sanctions authorized by statute or Rule or within the

2    inherent power of the Court."

3        IT IS SO ORDERED.

4    Dated:  January 14, 2014

5

6    KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28