UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No. 2:14-cv-0061-KJN<br><br><br>ORDER |

Plaintiff Wesley Elvis Peden, proceeding without counsel, commenced this social security action on January 10, 2014. (ECF No. 1.) On January 14, 2014, the court granted plaintiff's motion to proceed *in forma pauperis*, and the Clerk of Court served the court's order granting plaintiff's motion, the summons and other process documents, and the court's scheduling order on plaintiff by mail. (ECF Nos. 3-5.) The court's January 14, 2014 order stated, in part, that "[w]ithin fourteen (14) days from the date of this order, plaintiff shall submit to the United States Marshal an original and five copies of the completed summons, five copies of the complaint, five copies of the scheduling order, and a completed USM-285 form, *and shall file a statement with the court that such documents have been submitted to the United States Marshal.*" (ECF No. 3 at 2) (emphasis in original). The United States Marshal was directed to then serve all process within sixty (60) days. (Id.)

////

1

After several months, plaintiff had still not filed a statement with the court indicating that the required documents were submitted to the United States Marshal, and there had been no appearance by the Commissioner. This strongly suggested that plaintiff had not submitted the process documents to the United States Marshal in compliance with the court's order. Thus, on June 18, 2014, the court directed plaintiff to show cause in writing why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the court's order. (ECF No. 6.)

Thereafter, on July 1, 2014, plaintiff filed a response to the order to show cause. (ECF No. 7.) Plaintiff's response primarily addresses the merits of his claim for benefits, and his apparent inability to previously furnish the Commissioner with certain medical evidence of his impairments due to lack of insurance coverage. Plaintiff represents that he now has insurance, and requests that he be "given sufficient time to build a history sufficient to be granted the benefits" he applied for. (Id.)

The court has two primary concerns regarding plaintiff's response.

First, the merits of the case are not before the court at this time. For the case to move forward, the Commissioner must first be served with process, and in order for that to be accomplished, plaintiff must provide the appropriate service documents to the U.S. Marshal, who would then serve the Commissioner with process on plaintiff's behalf. Plaintiff's response to the order to show cause fails to explain why this has not yet been accomplished, although it appears that plaintiff simply misunderstood the procedure involved and thought that he first had to gather further evidence for the case to proceed. In light of plaintiff's *pro se* status and the court's desire to resolve plaintiff's case on the merits, the court finds it appropriate to grant plaintiff an additional opportunity and an extension of time to complete service of process.

Second, to the extent that plaintiff requests a stay of this action to allow plaintiff to gather further evidence in support of his claim, the court is unable to grant that request. As a general matter, judicial review of the Commissioner's final decision to deny benefits is limited to the evidence that was before the Commissioner when it made its final decision, and the court's ability to consider new and additional evidence on appeal is extremely limited under the applicable law.

1 For that reason, plaintiff may consider the potential option of filing a new application with the
2 Commissioner based on the additional evidence obtained, instead of pursuing review of the
3 Commissioner's previous decision in federal court.  However, the court cannot provide plaintiff
4 with legal advice or guidance in that regard.

5       Finally, if plaintiff elects to continue with this case in federal court, the court's records
6 show that plaintiff has not yet indicated whether or not he consents to the jurisdiction of the
7 undersigned pursuant to 28 U.S.C. § 636(c).  Importantly, plaintiff is under no obligation to do so,
8 but his designation of consent or decline to the magistrate judge's jurisdiction simply assists the
9 court in determining how the case should be administratively processed.

10       Accordingly, IT IS HEREBY ORDERED that:

11   1. The court's June 18, 2014 order to show cause is discharged.

12   2. Plaintiff is granted an additional 28 days from this order to BOTH (a) submit to the
13      United States Marshal an original and five copies of the completed summons, five
14      copies of the complaint, five copies of the scheduling order, and a completed USM-
15      285 form AND (b) file a brief statement with the court indicating that such documents
16      have been submitted to the United States Marshal.[1]

17   3. Plaintiff is also granted an additional 28 days from this order to file a brief statement
18      indicating whether or not he consents to the jurisdiction of a United States Magistrate
19      Judge for all purposes pursuant to 28 U.S.C. § 636(c).

20   4. Alternatively, if plaintiff concludes that he no longer wishes to pursue his case in
21      federal court at this juncture, he may instead file a notice of voluntary dismissal of the
22      action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i)
23      within 28 days of this order.

24   5. Along with a copy of this order, the Clerk of Court shall serve on plaintiff additional
25      copies of the court's order granting the motion to proceed *in forma pauperis*, the

---

[1] The United States Marshal is located in the federal courthouse at 501 I Street, Sacramento, CA 95814, and can be contacted at (916) 930-2030.

1 | process documents, and the court's scheduling order[2] previously issued on January 14, 2014. (ECF Nos. 3-5.)

6. Failure to comply with this order may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: July 3, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff is encouraged to carefully review the scheduling order, which outlines how a social security action proceeds in federal court, and provides the applicable deadlines.