UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ELVIS PEDEN,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No.  2:14-cv-0061-KJN PS<br><br><br>ORDER AND<br><br>ORDER TO SHOW CAUSE |

Plaintiff Wesley Elvis Peden, proceeding without counsel, commenced this social security action on January 10, 2014.  (ECF No. 1.)  On January 14, 2014, the court granted plaintiff's motion to proceed *in forma pauperis*, and the Clerk of Court served the court's order granting plaintiff's motion, the summons and other process documents, and the court's scheduling order on plaintiff by mail.  (ECF Nos. 3-5.)  The court's January 14, 2014 order stated, in part, that "[w]ithin fourteen (14) days from the date of this order, plaintiff shall submit to the United States Marshal an original and five copies of the completed summons, five copies of the complaint, five copies of the scheduling order, and a completed USM-285 form, *and shall file a statement with the court that such documents have been submitted to the United States Marshal.*"  (ECF No. 3 at 2) (emphasis in original).  The United States Marshal was directed to then serve all process within sixty (60) days.  (Id.)

////

1

1 After several months, plaintiff had still not filed a statement with the court indicating that the required documents were submitted to the United States Marshal, and there had been no appearance by the Commissioner. These facts strongly suggested that plaintiff had not submitted the process documents to the United States Marshal in compliance with the court's order. Thus, on June 18, 2014, the court directed plaintiff to show cause in writing why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the court's order. (ECF No. 6.)

Thereafter, on July 1, 2014, plaintiff filed a response to the order to show cause. (ECF No. 7.) Plaintiff's response primarily addressed the merits of his claim for benefits, and his apparent inability to previously furnish the Commissioner with certain medical evidence of his impairments due to lack of insurance coverage. (Id.)

On July 3, 2014, the court discharged its prior order to show cause, and granted plaintiff an additional 28 days to both (a) submit the appropriate service documents to the United States Marshal for service of process and (b) file a brief statement with the court indicating that such documents had been submitted to the United States Marshal. (ECF No. 8.) Plaintiff was also granted an additional 28 days to file a brief statement indicating whether or not he consents to the jurisdiction of a magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c). (Id.)

After that deadline passed, plaintiff again failed to file a statement indicating that the service documents had been submitted to the United States Marshal, and failed to file a statement regarding whether he wished to consent or decline to the magistrate judge's jurisdiction. On July 22, 2014, plaintiff did file a motion for summary judgment. (ECF No. 9.) However, that motion was denied without prejudice as premature, because, as the court previously explained to plaintiff in its July 3, 2014 order, the action cannot move forward until the Commissioner has been served with process. (ECF Nos. 8, 10.)[1]

////

---

[1] In its July 3, 2014 order, the court also encouraged plaintiff to carefully review the scheduling order, which outlines how a social security action proceeds in federal court and provides the applicable deadlines. Out of abundance of caution, the court ordered that additional copies of the scheduling order and service documents be served on plaintiff. (ECF No. 8.)

Nevertheless, on August 12, 2014, the court, in light of plaintiff's *pro se* status, issued an order providing plaintiff with <u>yet another opportunity</u> to comply with the court's prior orders and effectuate service of process. (ECF No. 10.) Plaintiff was directed, no later than August 28, 2014, to both (a) submit to the United States Marshal an original and five copies of the completed summons, five copies of the complaint, five copies of the scheduling order, and a completed USM-285 form <u>AND</u> (b) file a brief statement with the court indicating that such documents have been submitted to the United States Marshal. (<u>Id.</u>) Plaintiff was further ordered to file, no later than August 28, 2014, a brief statement indicating whether or not he consents to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). (<u>Id.</u>) The order prescribed that if plaintiff failed to file the above-mentioned documents by the required deadline, plaintiff must personally appear on Thursday, September 4, 2014, at 10:00 a.m., in Courtroom No. 25 before the undersigned to show cause why the action should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b). (<u>Id.</u>) Plaintiff was also cautioned that failure to personally appear at the show cause hearing could result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). (<u>Id.</u>) However, if plaintiff filed the above-mentioned documents by the required deadline, the show cause hearing would be automatically vacated with no appearance required.

On August 21, 2014, the Commissioner filed a notice of appearance (ECF No. 11), which suggests that plaintiff likely had submitted the service documents to the United States Marshal. However, although the August 28, 2014 deadline has now long passed, plaintiff failed to file the court-ordered statements regarding submitting the process documents to the United States Marshal and consent/decline to the magistrate judge's jurisdiction. Significantly, plaintiff also failed to appear at the September 4, 2014 show cause hearing, without providing any notice to the court.

In light of plaintiff's numerous failures, the court has considered whether the case should presently be dismissed pursuant to Federal Rule of Civil Procedure 41(b). However, given the court's desire to resolve the action on its merits, and because plaintiff has apparently now at least submitted the documents to the U.S. Marshal, the court finds that lesser monetary sanctions are

more appropriate at this juncture.  In imposing monetary sanctions, the court is cognizant of the fact that plaintiff is proceeding *in forma pauperis*.  For that reason, the court first issued several instructional orders and granted plaintiff multiple extensions to avoid the imposition of sanctions.  Nevertheless, at this point, it appears that sanctions are necessary to encourage plaintiff to take the court's rules, orders, and deadlines seriously.  Given plaintiff's *in forma pauperis* status, however, the amount of monetary sanctions imposed will be minimal.

Accordingly, in light of the above, IT IS HEREBY ORDERED that:

1. No later than September 19, 2014, plaintiff shall pay the Clerk of Court $100.00 in monetary sanctions based on his failure to comply with court orders and failure to appear at a court-ordered hearing.

2. No later than September 19, 2014, plaintiff shall file a brief statement indicating whether he wishes to consent or decline to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c).

3. No later than September 19, 2014, plaintiff shall show cause, in writing, why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to comply with court orders and failure to appear at a court-ordered hearing.

4. Alternatively, if plaintiff feels that he is unable to proceed with the action at this juncture, he may instead file a notice of voluntary dismissal of the action without prejudice no later than September 19, 2014.

5. Failure to either (a) pay the monetary sanctions and file the required written statements/responses by September 19, 2014, OR (b) file a notice of voluntary dismissal without prejudice by September 19, 2014, may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:  September 5, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE