1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WESLEY ELVIS PEDEN,                    No.  2:14-cv-0061-KJN PS

12              Plaintiff,

13        v.                                ORDER

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
               Defendant.
16

17        Plaintiff Wesley Elvis Peden, proceeding without counsel and *in forma pauperis*,

18   commenced this social security action on January 10, 2014.  (ECF No. 1.)[1]  On September 5,

19   2014, the court issued an order which directed plaintiff to pay the Clerk of Court $100.00 in

20   monetary sanctions based on his failure to comply with court orders and failure to appear at a

21   court-ordered hearing.  (ECF No. 15.)[2]  The order also directed plaintiff to show cause in writing

22   why this action should not be dismissed with prejudice pursuant to Federal Rule of Civil

23   Procedure 41(b) based on plaintiff's failure to comply with court orders and failure to appear at a

24   court-ordered hearing.  (Id.)  The order set a deadline of September 19, 2014, to pay the monetary

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15).  Both parties
consented to proceed before a United States Magistrate Judge for all further proceedings and
entry of final judgment pursuant to 28 U.S.C. § 636(c).  (ECF Nos. 13, 16.)

[2] The details regarding plaintiff's previous failures are outlined in the court's September 5, 2014
order.  (See ECF No. 15.)

1

sanctions and file a response to the order to show cause.  (Id.)  In imposing the minimal monetary sanctions of $100.00 at issue, the court reasoned as follows:

> In light of plaintiff's numerous failures, the court has considered whether the case should presently be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  However, given the court's desire to resolve the action on its merits, and because plaintiff has apparently now at least submitted the documents to the U.S. Marshal, the court finds that lesser monetary sanctions are more appropriate at this juncture.  In imposing monetary sanctions, the court is cognizant of the fact that plaintiff is proceeding *in forma pauperis*.  For that reason, the court first issued several instructional orders and granted plaintiff multiple extensions to avoid the imposition of sanctions.  Nevertheless, at this point, it appears that sanctions are necessary to encourage plaintiff to take the court's rules, orders, and deadlines seriously.  Given plaintiff's *in forma pauperis* status, however, the amount of monetary sanctions imposed will be minimal.

(Id. at 3-4.)

Plaintiff ultimately failed to pay the $100.00 in monetary sanctions by the required deadline.  However, on September 17, 2014, plaintiff filed what could liberally be construed as responses to the court's order to show cause.  (ECF Nos. 16, 17.)  Plaintiff's filings largely accused the Commissioner of perjury, fraud, and criminal offenses, and did not address plaintiff's own failure to comply with court orders and failure to appear at a court-ordered hearing.  Plaintiff also objected to the monetary sanctions imposed on the basis that he had no income.

On October 14, 2014, the court issued an order declining to vacate the prior order imposing monetary sanctions, explaining that:

> Monetary sanctions were imposed only after the court, in light of plaintiff's *pro se* status, issued several instructional orders, granted multiple extensions, and scheduled a court hearing to personally discuss plaintiff's obligations with him, which plaintiff then failed to attend without any notice to the court.  Furthermore, fully cognizant of plaintiff's *in forma pauperis* status, the court only imposed minimal monetary sanctions of $100.00 in an attempt to avoid the otherwise harsh sanction of dismissal.  Moreover, plaintiff's responses to the order to show cause did not even attempt to meaningfully address plaintiff's previous failures.
>
> Nevertheless, in a final attempt to both avoid dismissal and accommodate plaintiff's financial status, the court will permit plaintiff to pay the monetary sanctions in installments of $20.00, with $20.00 to be paid to the Clerk of Court on each of the following dates: November 3, 2014; December 3, 2014; January 5, 2015; February 5, 2015; and March 5, 2015.  Failure to timely

1           make any of these individual installment payments will result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

3   (ECF No. 18.)

        Although the deadline for the first installment payment has now passed, plaintiff failed to make that $20 installment payment.  At this juncture, the court concludes that dismissal is appropriate.

        Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

        Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

        A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local

////

////

////

3

1  rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

2
3
> (1) the public's interest in expeditious resolution of litigation; (2)
> the court's need to manage its docket; (3) the risk of prejudice to
> the defendants; (4) the public policy favoring disposition of cases
> on their merits; and (5) the availability of less drastic alternatives.
4

5  Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

6  1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

7  conditions precedent before the judge can do anything, but a way for a district judge to think

8  about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

9  (9th Cir. 2006).

10       Here, the first two Ferdik factors support dismissal.  Plaintiff failed to comply with several

11  court orders and failed to appear at a court-ordered hearing, resulting in significant delay to this

12  case.  The third Ferdik factor, prejudice to defendants, also favors dismissal.  At the very least,

13  the Commissioner has been named in a civil action and has had progress towards resolution of the

14  case delayed by plaintiff's actions.

15       The fifth Ferdik factor, availability of less drastic alternatives, also favors dismissal.

16  Before employing the harsh sanction of dismissal, the court first issued instructional orders,

17  granted extensions, and scheduled a court hearing to personally discuss plaintiff's obligations

18  with him, which plaintiff then failed to attend without any notice to the court.  Then, fully

19  cognizant of plaintiff's in forma pauperis status, the court only imposed minimal monetary

20  sanctions of $100.00, and even later modified the order to permit payment of such sanctions in

21  installments of $20.00.  Because plaintiff has now also failed to pay the first installment payment

22  of the sanctions, the court finds no feasible alternative to dismissal.

23       The court also recognizes the importance of giving due weight to the fourth Ferdik factor,

24  which addresses the public policy favoring disposition of cases on the merits.  However, for the

25  reasons set forth above, factors one, two, three, and five support dismissal of this action, and

26  factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors

27  support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City

28  of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under

4

1  the circumstances of this case, the other relevant factors outweigh the general public policy

2  favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If anything, a

3  disposition on the merits has been hindered by plaintiff's own failure to comply with the court's

4  orders and instructions.

5        Therefore, after an evaluation of all the Ferdik factors, the court finds that plaintiff's case

6  should be dismissed.

7        Accordingly, IT IS HEREBY ORDERED that:

8      1.   The action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

9      2.   The Clerk of Court shall vacate all dates and close this case.

10        IT IS SO ORDERED.

11  Dated:  November 5, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE